UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

DARRELL MCNARY, )
)
        Plaintiff, )
v. ) No. 2:10-cv-242-WTL-DML
)
JACK HENDRIX, Acting Superintendent,)
)
        Defendant. )

**Entry and Order Directing Dismissal of Action**

For the reasons explained in this Entry, the complaint filed by Darrell McNary fails to state a claim upon which relief may be granted and must be dismissed.

**Discussion**

The plaintiff's request to proceed *in forma pauperis* is **granted.** No assessment of even a partial initial filing fee is feasible at this time.

McNary is confined at an Indiana prison. Because McNary is a prisoner as defined by 42 U.S.C. § 1915(h), his complaint must be screened as required by 28 U.S.C. § 1915A(b). *Lagerstrom v. Kingston,* 463 F.3d 621, 624 (7th Cir. 2006). This statute requires that any complaint submitted by a prisoner, or any claim within such a complaint, be dismissed if the complaint or the claim fails to state a claim upon which relief can be granted. *Id.* Pursuant to this statute, "[a] complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show that plaintiff is not entitled to relief." *Jones v. Bock,* 127 S. Ct. 910, 921 (2007).

The sufficiency of a complaint is governed by Federal Rule of Civil Procedure 8(a). *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009). That rule provides that to state a claim for relief, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). The Supreme Court has stated that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,*129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly,* 550 U.S. at 556).

McNary alleges that he is being housed in a 12 by 6 foot double man cell for 22 to 23 hours a day and that this confinement violates the Eighth Amendment's proscription against the imposition of cruel and unusual punishments. McNary also claims that he has been improperly classified and that he is being denied meaningful access to the courts.

Applying the procedural standard described above, together with the requirement that to support a viable claim under 42 U.S.C. § 1983 a plaintiff must assert the violation of a federal right, *Middlesex County Sewage Auth. v. Nat'l Sea Clammers Ass'n,* 453 U.S. 1, 19 (1981); *Juriss v. McGowan*, 957 F.2d 345, 349 n.1 (7th Cir. 1992) (without a predicate constitutional violation one cannot make out a *prima facie* case under § 1983), McNary's complaint fails to state a claim upon which relief can be granted. The reasons for this finding are--

! The complaint does not allege a plausible basis on which it could be reasonably determined that (a) the conditions of the plaintiff's confinement violated provisions of the Eighth Amendment. *Wilson v. Seiter,* 501 U.S. 294, 298-305 (1991); *James v. Milwaukee County*, 956 F.2d 696, 699 (7th Cir. 1992) ("not all prison conditions trigger eighth amendment scrutiny--only deprivations of basic human needs like food, medical care, sanitation, and physical safety."),

! The plaintiff's cell assignment or security classification do not violate his right to due process. *Townsend v. Fuchs*, 552 F.3d 765, 772 (7th Cir. 2008) (*quoting Wilkinson v. Austin*, 545 U.S. 209, 222-24 (2005)); *Lucien v. DeTella,* 141 F.3d 773, 774 (7th Cir. 1998) ("Classifications of inmates implicate neither liberty nor property interests . . . .") (citing *Sandin v. Conner,* 515 U.S. 472, 484 (1995)). There can thus be no due process violation alleged through those matters. *Montgomery v. Anderson,* 262 F.3d 641, 644 (7th Cir. 2001)(when no recognized liberty or property interest has been taken, the confining authority "is free to use any procedures it chooses, or no procedures at all"); *see also Hoskins v. Lenear*, 395 F.3d 372, 375 (7th Cir. 2005)(no federally protected liberty interest in avoiding fabricated disciplinary conviction resulting in 60 days of segregation).

! As to McNary's claim of denial of access to the courts, the complaint does not describe or allege any prejudice based on his denial of access to the law library. Accordingly, the complaint does not allege a plausible basis on which it could be determined that this is a viable claim. *Ortloff v. United States,* 335 F.3d 652, 656 (7th Cir. 2003)("[T]o state a right to access-to-courts claim and avoid dismissal under Rule 12(b)(6), a prisoner must make specific allegations as to the prejudice suffered because of the defendants' alleged conduct.").

For the reasons explained above, even when liberally construed, the complaint fails to survive the screening required by § 1915A because it fails to contain a legally viable claim under 42 U.S.C. § 1983. Dismissal of the action pursuant to 28 U.S.C. § 1915A(b) is therefore mandatory. *Gladney v. Pendleton Corr. Facility,* 302 F.3d 773, 775 (7th Cir. 2002).

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 09/23/2010

_William T. Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana