## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| DARRELL McNARY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 2:10-cv-242-WTL-DML |
| | ) | |
| JACK HENDRIX, Acting Superintendent,) | | |
| | ) | |
| Defendant. | ) | |

# E N T R Y

This civil rights action was dismissed pursuant to 28 U.S.C. § 1915A(b) based on the court's determination that the complaint failed to state a claim upon which relief could be granted. Plaintiff McNary has filed a motion to reconsider that disposition.

The date a post-judgment motion is filed is significant. *See Hope v. United States,* 43 F.3d 1140, 1142 (7th Cir. 1994). So too, of course, is the content of such motion. Given the timing and the content of the motion to reconsider, the motion is treated as a motion pursuant to Rule 59(e) of the *Federal Rules of Civil Procedure. See Borrero v. City of Chicago,* 456 F.3d 698, 701-02 (7th Cir. 2006) (explaining that whether a motion filed within the time period contemplated by Rule 59(e) should be analyzed under Rule 59(e) or Rule 60(b) of the *Federal Rules of Civil Procedure* depends on the *substance* of the motion, not on the timing or label affixed to it). The purpose of a motion to alter or amend judgment under Rule 59(e) is to have the court reconsider matters "properly encompassed in a decision on the merits." *Osterneck v. Ernst and Whinney,* 489 U.S. 169, 174 (1988).

The Court of Appeals has explained that there are only three valid grounds for a Rule 59(e) motion--newly-discovered evidence, an intervening change in the law, and manifest error in law. *See Cosgrove v. Bartolotta,* 150 F.3d 729, 732 (7th Cir. 1998). The motion to reconsider does not rely on newly discovered evidence, does not cite to any intervening change in the law, and argues unpersuasively that the court committed error of law in screening the complaint. As was explained in the screening (and dismissal) Entry, to state a viable claim under 42 U.S.C. § 1983 requires the claim–the plausible claim–that a federally secured right has been violated. Because no such claim was alleged, the action was properly dismissed.

For these reasons, and treating the motion to reconsider (dkt 5) as a motion to alter or amend judgment, the motion (dkt 5) is **denied.**

**IT IS SO ORDERED.**

Date: 10/12/2010

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

Darrell McNary, DOC #174667, Wabash Valley Correctional Facility, Inmate Mail/Parcels,
6908 S. Old U.S. Highway 41, P.O. Box 1111, Carlisle, IN 47838-1111